UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YUSUF M. ASHFORD,

Petitioner,

v.                                                      Case No: 6:19-cv-2159-Orl-28DCI

WARDEN, OSCEOLA COUNTY JAIL,

Respondent.
_____/

## ORDER

Petitioner, a pretrial detainee at the Osceola County Jail, has filed a *pro se* amended habeas petition.[1] (Doc. 3.) Because Petitioner is a pretrial detainee, the Court construes the amended petition to be raised pursuant to 28 U.S.C. § 2241 and will consider it accordingly.[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:[3]

---

[1] Petitioner is being held pending trial in case numbers 2019-cf-82 and 2018-cf-3960. (Doc. 3 at 1.)

[2] Pursuant to 28 U.S.C. § 2254, a person may seek habeas relief if he is "in custody pursuant to the judgment of a State court" based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is a pretrial detainee, meaning he is not being held pursuant to a judgment after being convicted and sentenced. Consequently, 28 U.S.C. § 2241 is the proper statute by which to seek habeas relief. *See Thomas v. Crosby*, 371 F.3d 782, 785-87 (11th Cir. 2004).

[3] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. §

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In the amended petition, Petitioner argues that the state court has no jurisdiction to try him because of his true national sovereign status, which he alleges is Moorish American. (Doc. 3 at 1.) Petitioner further argues that the state court's "only intention [is] to keep [him] incarcerated for the longest possible period without ever holding a trial."[4] (*Id.* at 2.) Petitioner demands his immediate release. (*Id.*)

"[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "'[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Id.* at 226 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)). "[T]here is a

---

2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 n. 2 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

[4]The Court notes that according to the Osceola County Clerk of Court's website, trials are scheduled in Petitioner's pending cases in early 2020.

2

distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id.* (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).[5] The distinction of whether a speedy trial claim may proceed depends upon the type of relief sought:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (quoting *Brown*, 530 F.2d at 1283). As such, courts have held that the constitutional right to speedy trial is not a per se "special circumstance" warranting federal habeas relief prior to the conclusion of the state proceedings. *See, e.g., Dickerson,* 816 F.2d at 227; *Brown,* 530 F.2d at 1282-84.

Review of the amended petition establishes that Petitioner is requesting this Court to order the state court to stop prosecuting him based on lack of jurisdiction and to immediately release him. Petitioner may not proceed on this claim because it is an affirmative defense to the charges in his pending state criminal proceeding. *See Georgalis v. Dixon,* 776 F.2d 261, 262 (11th Cir. 1985).

---

[5]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

Petitioner can raise his challenges relating to the prosecution of his criminal cases in his state court proceedings. Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262-63 n. 6 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised) (citing *Younger*, 401 U.S. at 45, 53-54). Therefore, abstention is appropriate as to any claims regarding Petitioner's pending state criminal charges.

Accordingly, it is hereby **ORDERED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 3) is **DISMISSED WITHOUT PREJUDICE.**

2. This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal

habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of Court is directed to close this case and enter judgment accordingly.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party